# Exhibit 3

**EVERYTOWN LAW**

November 15, 2023

*Submitted Via FOIA STAR Portal*

Director, Office of Information Policy ("OIP")
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C. 20530

**RE:    Freedom of Information Act Appeal of ATF's Final Response to Request No. 2023-01644**

Dear Director of the Office of Information Policy,

This letter is an administrative appeal of the final response of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to a request for records submitted on behalf of the City of Baltimore ("Baltimore") by Everytown Law under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

## I.    Background to this administrative appeal.

On September 12, 2023, Brandon Scott, Mayor of Baltimore, submitted a FOIA request to ATF for records that "are critical tools for the City of Baltimore to address gun violence." Exhibit A.[1] To that end, the request sought information about the sources of firearms recovered in Baltimore and the circumstances of those recoveries.

The request had four parts. Part 1 of the request sought records "sufficient to identify" the licensed gun dealers that comprised the top ten sources of firearms recovered in Baltimore from 2018 through 2022, as well as specific information about those crime guns, including the time-to-crime of those guns and the offenses that each crime gun was recovered in connection with.

Part 2 of the request asked for additional information about firearms recovered in connection with six specific circumstances—Homicide, Homicide - Attempted, Aggravated Assault, Robbery, Suicide, and Suicide – Attempted—from 2018 through 2022. For firearms recovered in connection with each of these six circumstances, the request sought time-to-crime data, basic firearm information—manufacturer, weapon, type, and caliber—and the source state. The request noted that ATF already

---

[1] The request was submitted through the SecureRelease account of counsel for Baltimore.

EVERYTOWN LAW

produces annual state-by-state data on the category of offense or other circumstance that firearms were recovered in connection with. With regard to both Parts 1 and 2, Baltimore specified that it would accept records that provide either aggregate data or individualized information.

Parts 3 and 4 of the request sought data tables or spreadsheets that were used to compile two charts published in the report produced by ATF earlier this year on Baltimore crime guns. *See* ATF, *National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns - Volume Two, Baltimore, MD Report* (2023), https://www.atf.gov/firearms/docs/report/baltimore-md-state-report-large-cities/download/ (last visited Nov. 15, 2023). Specifically, the request asked for any tables or spreadsheets used to compile the charts that list the "Top Source Cities" of firearms recovered in Baltimore and the "Top Recovery Cities" of firearms sourced from Baltimore.

ATF responded by refusing to produce any records. By email on September 30, 2023, ATF represented that it was withholding any responsive records because the information sought by the request constitutes "information ATF is required to maintain pursuant to the Gun Control Act (GCA) and/or is information contained in ATF Firearms Tracing System database." Exhibit B. The response letter explained: "This information is exempt from disclosure pursuant to Exemption 3 of the FOIA and Public Law 112-55, 125 Stat. 552."

Baltimore submits this administrative appeal to ask that the request be remanded to ATF to produce responsive records. As discussed below, the information sought by Baltimore is not exempt from disclosure because the claimed statutory exemption from disclosure, Public Law 112-55, 125 Stat. 552, known as the "Tiahrt Rider," is not a basis for withholding information under FOIA. Furthermore, even if the Tiahrt Rider were a basis for withholding information under FOIA, the Tiahrt Rider does not bar the production of the requested information in the form of "statistical aggregate data."

II.   **The Tiahrt Rider does not justify ATF's withholding of information responsive to Baltimore's request.**

First, nothing in the text of the Tiahrt Rider purports to prevent the disclosure of the requested information to Baltimore. The Tiahrt Rider provides, in relevant part, that appropriated funds may not be used to disclose the contents of the Firearms Trace System database except under three exceptions related to law enforcement—exceptions which contain further restrictions pertaining to the subsequent use of such data disclosed under an exception. Therefore, to the extent that ATF's denial of Baltimore's request is based on the Tiahrt Rider's restriction on expending funds, Baltimore has requested a fee waiver, and in the alternative is willing to pay the cost

of a production. Accordingly, no appropriated funds are needed to fulfill Baltimore's request.

Second, even if the text of the Tiahrt Rider, read in isolation, could be construed to prevent the disclosure of the requested information, production of the information is nevertheless required under FOIA. FOIA exempts from disclosure information that is "specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3), a basis for withholding known as "Exemption 3." However, Congress acted to limit the proliferation of Exemption 3 withholding statutes by adding a provision stating that a law "enacted after the enactment date of the OPEN FOIA Act of 2009" will exempt information from disclosure only if that law "specifically cites to [5 U.S.C. § 552(b)(3)]." 5 U.S.C. § 552(b)(3)(B); *see also* Department of Homeland Security Appropriations Act, 2010, Pub. L. No. 111-83, § 564, 123 Stat. 2142, 2184 (2009). In other words, since the enactment of the OPEN FOIA Act in 2009, any later-enacted statutory exemption from disclosure must specifically cite to that provision of FOIA.

The most recent Tiahrt Riders were enacted after the OPEN FOIA ACT, but do not cite to 5 U.S.C. § 552(b)(3). *See* Consolidated Appropriations Act, 2010, Pub. L. No. 111-117, 123 Stat. 3034, 3128–29 (2009) (the "2010 Tiahrt Rider") and Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) ("2012 Tiahrt Rider"). And the 2012 Tiahrt Rider is the only rider that is currently in effect. *Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 927, 931–32 (9th Cir. 2021).

As the Ninth Circuit held, because each successive Tiahrt Rider entirely repealed the previous version, and because 2012 Tiahrt Rider does not meet the OPEN FOIA Act's specific citation requirement, there is no Tiahrt Rider currently in effect that provides a valid basis under FOIA for withholding information from disclosure. *Ctr. for Investigative Reporting*, 14 F.4th at 932. The Second Circuit's holding to the contrary, *Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30, 41–42 (2d Cir. 2020), is incorrect. Among other things, its reasoning squarely conflicts with *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014). There, the Supreme Court held that courts must give effect to a statutory proclamation that any *later-enacted* statute remains subject to the *earlier-enacted* statute's requirements, unless the later statute "*explicitly excludes* such application by reference to" the earlier statute. *Id.* at 719 n.30 (emphasis in original) (quoting 42 U.S.C. § 2000bb-3(b)).[2]

---

[2] In addition, while a later-enacted statue is capable of impliedly repealing an earlier-enacted statute, the 2012 Tiahrt Rider does not meet the high standard for implied repeals, which are "disfavored," *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (quoting *United States v. Fausto*, 484 U.S. 439, 452 (1988)), particularly where the later-enacted statue is an appropriations rider. *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020).

Third, even if OIP were to follow the Second Circuit's incorrect holding in *Everytown*—that the specific-citation requirement of the OPEN FOIA Act of 2009 does not mean what it says—the Tiahrt Rider cannot fairly be read to reflect a clear congressional intent to withhold the ATF materials sought by Baltimore here. Not only is the language of the Rider inapplicable to the present FOIA request (*see supra* p. 2), longstanding principles of statutory interpretation foreclose ATF's position. Among other things, Congress is presumed to have been "aware" of the requirements of the OPEN FOIA Act "when it enact[ed]" the 2012 Tiahrt Rider, and yet it chose *not* to include the required citation to FOIA Exemption 3. *Everytown*, 984 F.3d at 39 (quoting *Dorsey v. United States*, 567 U.S. 260, 274 (2012)). OIP therefore should not conclude that, in enacting the 2012 Tiahrt Rider, Congress intended to exempt the requested documents from production under FOIA.

Baltimore urges OIP to follow the OPEN FOIA Act and remand the request to ATF for production of responsive records.[3]

### III. The Tiahrt Rider allows production of the requested records as statistical aggregate data.

Even if OIP determines that the Tiahrt Rider is a FOIA withholding statute, OIP should remand the request to ATF to produce the requested records as statistical aggregate data. The 2012 Tiahrt Rider's subpart (C) contains an express exception for the release of trace data in this form. It provides that the rider "shall not be construed to prevent . . . (C) the publication of . . . statistical aggregate data regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking investigations[.]"

As the Ninth Circuit recognized, this exception allows ATF to use appropriated funds to release statistical aggregate data "if doing so would make these reports or data generally known to the public." *Ctr. for Investigative Reporting*, 14 F.4th at 935. As above, Baltimore urges that the Ninth Circuit's conclusion about the effect of subpart (C) was correct and that the Second Circuit's contrary conclusion should not prevail. *See Everytown*, 984 F.3d at 43–44.

Here, each of the four parts of Baltimore's request could be produced as "statistical aggregate data regarding firearms . . . trafficking channels." Its release will shed light on the sources and characteristics of crime guns, information that has been withheld from view for two decades. If the requested information is produced, Baltimore intends to publish the information in a manner that ensures that the public will be made aware of it.

---

[3] Furthermore, ATF is able to produce the requested information about Baltimore crime guns and no part of the request would require ATF to create a new record.

**EVERYTOWN LAW**

### IV. Conclusion.

For the reasons above, Baltimore asks OIP to remand request 2023-01644 to ATF with instructions to produce the records requested.

Sincerely,

*Aaron Esty*

Aaron Esty
Senior Counsel, Everytown Law
Everytown for Gun Safety Support Fund
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017
aesty@everytown.org
(646) 324-8369

*Counsel for Baltimore*

# Exhibit A



**BRANDON M. SCOTT**
**MAYOR**
*100 Holliday Street, Room 250*
*Baltimore, Maryland 21202*

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")
Information Privacy and Governance Division, Room 4E.301
99 New York Avenue NE
Washington, DC 20226
Phone: (202) 648-8740

RE:   Request for firearm trace data records

I am requesting records under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, on behalf of the City of Baltimore ("Baltimore"). As Mayor of Baltimore, one of my top priorities has been to address the scourge of gun violence in this city. The records that I request are critical tools for the City of Baltimore to address gun violence.

I am requesting the following records:

> **Part 1:** Records sufficient to identify the federally licensed firearms dealers ("FFL") that are the top ten sources of firearms recovered in Baltimore from 2018 through 2022. In addition, with respect to each of these ten FFLs, I request records sufficient to show the following:
>
> a. The number of firearms recovered in Baltimore annually from 2018 through 2022.
>
> b. The number of firearms recovered in Baltimore annually broken down by time-to-crime, i.e., the number of firearms recovered in each of the following categories: in under 3 months; in 3 months to under 7 months; in 7 months to under 1 year; in 1 year to under 2 years; in 2 years to under 3 years; in 3 years and over; and average-time-to-crime.
>
> c. The number of firearms recovered in Baltimore in connection with each category of offense or other circumstance, e.g., Homicide, Homicide - Attempted, Carrying Concealed Weapon, Found Firearm.
>
> I will accept the records requested by Part 1 on either an aggregate or

*phone: 410.396.3835 | fax: 410.576.9425 | email: mayor@baltimorecity.gov*

individualized basis.

**Part 2:** I request records sufficient to show, with respect to firearms recovered in Baltimore on an annual basis from 2018 through 2022, in connection with the category of offense or other circumstance of Homicide, Homicide - Attempted, Aggravated Assault, Robbery, Suicide, and Suicide - Attempted,[1] the following information:

a. The total number of firearms recovered in under 3 months; in 3 months to under 7 months; in 7 months to under 1 year; in 1 year to under 2 years; in 2 years to under 3 years; in 3 years and over.

b. The total number of each firearm type by manufacturer, weapon type, and caliber.

c. The total number of firearms from each source state.

I will accept records requested by Part 2 on either an aggregate or individualized basis.

**Part 3:** Underlying data related to ATF's recent report on trace data in Baltimore showing the "Top Source Cities" for crime guns recovered in Baltimore. *See* ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns - Volume Two, Baltimore, MD Report, at 3 (2023), https://www.atf.gov/firearms/docs/report/baltimore-md-state-report-large-cities/download. Specifically, I am seeking any tables or spreadsheets used to compile the "Top Source Cities" table on page 3 of the report.

**Part 4:** Underlying data related to ATF's recent report on trace data in Baltimore showing the "Top Recovery Cities" for recovered crime guns sourced in Baltimore. *See* ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns - Volume Two, Baltimore, MD Report, at 4 (2023), https://www.atf.gov/firearms/docs/report/baltimore-md-state-report-large-cities/download. Specifically, I am seeking any tables or spreadsheets used to compile the "Top Recovery Cities" table on page 4 of the report.

This request includes records containing information from the ATF's National Tracing Center's Firearms Tracing System. Baltimore is aware that ATF often

---

[1] ATF annually publishes spreadsheets showing, on a state-by-state basis, the category of offense or other circumstance that firearms were recovered in connection with. In 2021, ATF made a spreadsheet available for download titled "Categories Associated with Firearms Recovered and Traced in the United States and Territories." *See* ATF, Firearms Trace Data - 2021, https://www.atf.gov/resource-center/firearms-trace-data-2021.

*phone: 410.396.3835 | fax: 410.576.9425 | email: mayor@baltimorecity.gov*

withholds this type of information. However, Baltimore asserts that the records sought by this request must be produced because no withholding statute exempts the records from disclosure and because the data can be produced without creating a new agency record.

First, the records requested are not exempted from disclosure by statute because the appropriations rider that ATF relies on to withhold trace data, the Tiahrt Rider, *see* Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011), repealed earlier versions of the Tiahrt Rider and does not qualify as a withholding statute under the OPEN FOIA Act of 2009. *See Ctr. for Investigative Reporting v. U.S. Dept. of Justice*, 14 F.4th 916, 932–33 (9th Cir. 2021); *but see Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30 (2d Cir. 2020).

Second, the data requested can be extracted by querying the Firearms Tracing System to extract a subset of data from that database, which does not require creating a new agency record under FOIA. *Ctr. for Investigative Reporting*, 14 F.4th at 922.

This request qualifies for a fee waiver. This request can be categorized as "All Other Requestors." This request is not made to further a commercial interest. Baltimore seeks the requested records for the purpose of promoting public safety.

Please contact Aaron Esty of Everytown Law at (646) 324-8369 or aesty@everytown.org if you have any questions. Everytown Law is counsel for Baltimore in this matter. I appreciate your time and attention to this request.

Sincerely,

Brandon M. Scott

Brandon M. Scott, Mayor
Baltimore City

# Exhibit B



Aaron Esty <aesty@everytown.org>

## Final response to your ATF FOIA request 2023-01644
1 message

**mary.carney@atf.gov** <noreply@securerelease.us>                                  Sat, Sep 30, 2023 at 10:08 AM
Reply-To: mary.carney@atf.gov
To: aesty@everytown.org

September 30, 2023                          REFER TO: 2023-01644

Aaron Esty
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017-3904

Dear Mr. Esty:

This responds to your FOIA request dated September 12, 2023, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same date, in which you requested records concerning firearm recoveries in Baltimore.  Your request was assigned ATF tracking number 2023-01644.  Please refer to this number in any future correspondence.

You requested information ATF is required to maintain pursuant to the Gun Control Act (GCA) and/or is information contained in ATF Firearms Tracing System database. This information is exempt from disclosure pursuant to Exemption 3 of the FOIA and Public Law 112-55, 125 Stat. 552.

Exemption 3 of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met: the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. Thus, a statute falls within the exemption's coverage if it satisfies any one of its disjunctive requirements.

Beginning in 2003, Congress placed restrictions on ATF's disclosure of certain GCA related information. In short, ATF can only provide certain GCA data to a law enforcement agency or a prosecutor solely in connection with a criminal investigation or prosecution. Beginning in Fiscal Year 2006, Congress included a provision within each iteration of the restriction, which effectively made the law permanent.

The most recent iteration of these various restrictions was included in ATF's 2012 Appropriation Bill, Public Law 112-55, 125 Stat. 552. Some of the information in the requested records falls within this restriction. Since the Fiscal Year 2006 through 2008 restrictions satisfy all the requirements of FOIA Exemption 3, and the 2012 language is perpetuated from those restrictions, I am withholding the trace data pursuant to 5 U.S.C. section 552 (b)(3) and Public Law 112-55, 125 Stat. 552.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Lynette Carter and Zina Kornegay, at 202-648-7390, or Attorney Advisor Mary Carney at mary.carney@atf.gov, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://doj-foia.entellitrak.com/etk-doj-foia-prod/login.request.do. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Ginae E. Barnett
Acting Chief
Information and Privacy Governance Division

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1