# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE,<br>100 N. Holliday Street<br>Baltimore, Maryland 21202,<br><br>    *Plaintiff*,<br>  v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>99 New York Avenue, NE<br>Washington, DC 20226,<br><br>    *Defendant*. | Case No. 23-cv-03762-RDM |

## **ANSWER**

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") hereby answers the numbered paragraphs of Plaintiff Mayor and City Council of Baltimore ("Plaintiff") Complaint as follows:

1. This paragraph characterizes a media interview, to which the Court is referred for an accurate and complete recitation of its contents. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. This paragraph characterizes a media interview, to which the Court is referred for an accurate and complete recitation of its contents. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. This paragraph characterizes a news report, to which the Court is referred for an accurate and complete recitation of its contents. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. The third sentence characterizes an ATF report, to which the Court is referred for an accurate and complete recitation of its contents. The reminder of the paragraph characterizes a news report, to which the Court is referred for an accurate and complete recitation of its contents; to the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

5. This paragraph characterizes a press release, to which the Court is referred for an accurate and complete recitation of its contents. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. This paragraph characterizes a press release and city website, to which the Court is referred for an accurate and complete recitation of their contents. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. As for the first sentence, Defendant admits only that the Firearms Trace System database is maintained by ATF; Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph. The remainder of this paragraph is admitted.

9. Admitted that Mayor Scott, on behalf of the City of Baltimore, submitted a Freedom of Information Act ("FOIA") request to ATF on September 12, 2023 ("FOIA request"). Defendant respectfully refers the Court to the FOIA request for an accurate and complete recitation of its contents.

10. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

11. Admitted that ATF denied the FOIA request. Defendant respectfully refers the Court to the denial for a full and accurate statement of its contents.

12. This paragraph consists of legal conclusions to which no response is required.

13. This paragraph consists of legal conclusions to which no response is required.

14. This paragraph consists of Plaintiff's characterization of its lawsuit, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is bringing a FOIA lawsuit.

15. This paragraph consists of legal conclusions to which no response is required.

16. Admit that ATF is headquartered in Washington, D.C. The remainder of this paragraph consists of legal conclusions to which no response is required.

17. This paragraph consists of legal conclusions to which no response is required.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Admitted.

20. This paragraph consists of Plaintiff's characterization of the firearm trace process. To the extent a response is required, Defendant admits that it is responsible for ATF's National

Tracing Center and maintains ATF's Firearms Tracing System database. As to the remaining allegations, Defendant denies except to admit that ATF Firearms Tracing System can but does not always perform the tasks described.

21. This paragraph consists of Plaintiff's characterization of the firearm trace process. To the extent a response is required, Defendant admits that it is responsible for ATF's National Tracing Center and maintains ATF's Firearms Tracing System database, and that records generated when a query is made are known as "trace data." Defendant denies the remaining allegations in this paragraph.

22. This paragraph consists of Plaintiff's characterization of what firearm trace data ATF publishes on the ATF website. To the extent a response is required, Defendant respectfully refers the Court to ATF's website for a full and accurate recitation of its contents.

23. Admitted as to the first two sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

24. This paragraph consists of Plaintiff's characterization of the Tiahrt Rider and its legislative history. To the extent a response is required, Defendant respectfully refers the Court to the Tiahrt Rider and the relevant legislative record for a full and accurate recitation of its contents.

25. This paragraph consists of Plaintiff's characterization of the Tiahrt Rider and its legislative history. To the extent a response is required, Defendant respectfully refers the Court to the Tiahrt Rider and the relevant legislative record for a full and accurate recitation of its contents.

26. This paragraph characterizes the Tiahrt Rider, to which the Court is referred for a full and accurate recitation of its contents.

27. This paragraph characterizes the Tiahrt Rider, to which the Court is referred for a full and accurate recitation of its contents.

28. This paragraph and subparagraphs characterize the Tiahrt Rider, to which the Court is referred for a full and accurate recitation of its contents.

29. This paragraph characterizes the Tiahrt Rider, to which the Court is referred for a full and accurate recitation of its contents.

30. This paragraph characterizes the Tiahrt Rider, to which the Court is referred for a full and accurate recitation of its contents.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Admitted as to the first sentence of this paragraph. As to the second sentence of this paragraph, Defendant respectfully refers the Court to the relevant ATF report for a full and accurate statement of its contents.

33. The first three sentences of this paragraph characterize a media report, to which the Court is referred for a full and accurate statement of its contents; to the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph.

34. This paragraph characterizes an academic report, to which the Court is referred for a full and accurate statement of its contents. To the extent an answer is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. Admitted that Mayor Scott, on behalf of the City of Baltimore, submitted the FOIA request on September 12, 2023. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

37. This paragraph consists of Plaintiff's characterization of the FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

38. This paragraph consists of Plaintiff's characterization of the FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

39. This paragraph consists of Plaintiff's characterization of the FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

40. This paragraph consists of Plaintiff's characterization of the FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

41. This paragraph consists of Plaintiff's characterization of the FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

42. This paragraph consists of legal conclusions to which no response is required.

43. Defendant admits that Plaintiff's FOIA Request qualifies for a fee waiver. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

44. This paragraph consists of legal conclusions to which no response is required.

45. Admitted.

46. Denied that any assertions in ATF's denial letter were incorrect. Defendant respectfully refers the Court to the denial letter for a full and accurate statement of its contents.

47. This paragraph consists of legal conclusions to which no response is required.

48. This paragraph consists of Plaintiff's characterization of ATF's denial letter. Defendant respectfully refers the Court to the denial letter for a full and accurate statement of its contents.

49. This paragraph consists of Plaintiff's characterization of ATF's denial letter. Defendant respectfully refers the Court to the denial letter for a full and accurate statement of its contents.

50. This paragraph consists of legal conclusions to which no response is required.

51. Admitted.

52. This paragraph consists of legal conclusions to which no response is required.

53. Admitted.

54. This paragraph consists of legal conclusions to which no response is required.

55. Defendant re-asserts its answers to paragraphs one through fifty-four as if fully stated herein.

56. This paragraph consists of legal conclusions to which no response is required.

57. This paragraph consists of legal conclusions to which no response is required.

58. This paragraph consists of legal conclusions to which no response is required.

59. This paragraph consists of legal conclusions to which no response is required.

60. Denied.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

Defendant denies any and all allegations of the Complaint not expressly admitted herein.

## DEFENSES

1. Some or all of the requested documents and information are exempt from disclosure. *See* 5 U.S.C. § 552(b).

Dated: January 29, 2024

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        */s/ Pardis Gheibi*
        PARDIS GHEIBI (D.C. Bar No. 90004767)
        Trial Attorney, U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, N.W.
        Washington, D.C. 20005
        Tel.: (202) 305-3246
        Email: pardis.gheibi@usdoj.gov

        *Counsel for Defendant*