UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAYOR AND CITY COUNCIL OF
BALTIMORE,
100 N. Holliday Street
Baltimore, Maryland 21202,

     *Plaintiff*,

  v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,
99 New York Avenue, NE
Washington, DC 20226,

     *Defendant*.

Case No. 23-cv-03762-RDM

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), files this response to the Mayor and City Council of Baltimore's ("Baltimore's") Notice of Supplemental Authority. *See* Notice of Supplemental Authority ("Notice"), ECF No. 41. In its Notice, Baltimore identifies the recent decision by a United States District Court for the District of Arizona in *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472, 2025 WL 346659 (D. Ariz. Jan. 30, 2025). While Baltimore argues that this decision supports its position here, Baltimore is wrong.

*Estados Unidos Mexicanos* involved a discovery dispute where the Government of Mexico sought records related to the sale and purchase of firearms by Arizona gun dealers. *Id.* at *1. In response, the gun dealers argued that disclosure of such data is barred under the Tiahrt Rider, which provides:

1

> [D]uring the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section, except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose . . . . and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court . . . .

18 U.S.C. § 923 note, Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011). The gun dealers argued that the Government of Mexico sought "information required to be kept by licensees pursuant to section 923(g)," which was immune from legal process under the Rider. *See Estados Unidos Mexicanos*, 2025 WL 346659 at *3. The court, however, concluded that the Tiahrt Rider only limits disclosure by ATF—not private parties. *Id.* That is because, the court explained, "[t]he Tiahrt Amendment 'has no application to data that is not to be disclosed through the use of federally appropriated funds.'" *Id.* (quoting *City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 526 (E.D.N.Y. 2006)); *see also Estados Unidos Mexicanos*, 2025 WL 346659 at *3 (explaining that the Rider "does not restrict Defendants' disclosure of their private business records").[1] Because the instant dispute involves

---

[1] Notably, as the *Estados Unidos Mexicanos* decision acknowledges, this conclusion has been previously endorsed by the United States. *See id.* ("This interpretation aligns with that of the United States, which has taken the position that the Tiahrt Amendment 'applies to information maintained by' ATF and 'does not restrict the discovery of . . . the private business records of a federal firearms licensee.'" (quoting Memorandum of Intervenor at 2, *Lopez v. Badger Guns, Inc.*, No. 10-CV-018530 (Milwaukee Cnty. Wis. Mar. 30, 2012) (Doc. 89-1 at 229))).

the application of the Tiahrt Rider to data maintained by ATF itself (as opposed to those maintained by a private party), the holding in *Estados Unidos Mexicanos* has no bearing on this case.

Baltimore, in an attempt to portray *Estados Unidos Mexicanos* as a favorable case, latches on to the court's statement that "[t]he most natural reading of the term 'such data' as used in the Tiahrt Amendment is data within the three delineated categories that is [sic] in ATF's possession and subject to disclosure by ATF using appropriated funds." Notice at 2 (quoting *Estados Unidos Mexicanos*, 2025 WL 346659 at *3). According to Baltimore, this statement supports its position that the "data" that are "immune from legal process" under the Tiahrt Rider do not extend to contents of the ATF trace database in its entirety; instead, they are limited to the three law-enforcement exceptions. *See* Notice at 2.

As an initial matter, Baltimore overreads *Estados Unidos Mexicanos*, which did not address which (if any) aspect of the ATF trace database is not immune from legal process under the Rider. But regardless, even assuming that the court read the phrase "such data" as limited to the three law-enforcement exceptions, this Court should reject that reading. ATF refrains from rehashing its summary-judgment arguments here except to reiterate that this Court should adopt the Seventh Circuit's persuasive reasoning in *Chicago III*, in which the court rejects this narrow reading of "such data" as inconsistent with the text and context of the Tiahrt Rider. *See City of Chicago v. U.S. Dep't of Treasury*, 384 F.3d 777, 782 (7th Cir. 2005); *see also* ATF Reply at 5–6, ECF No. 38.

Dated: February 10, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Acting Assistant Attorney General
                                            Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*