UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE,<br><br>   *Plaintiff*,<br> v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>   *Defendant*. | Case No. 23-cv-03762-RDM |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE CONCERNING RECENT DEVELOPMENTS IN *GOA v. ATF***

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") files this response to Baltimore's Notice Concerning Recent Developments in *GOA v. ATF*[1] ("Notice"), *see* ECF No. 48, and pursuant to this Court's Minute Order to respond to the Notice and further order to "address whether [ATF's] disclosure of firearm trace data in GOA v. ATF (21-cv-2919) violated the 2012 Tiahrt Rider and whether it continues to assert that it lacks any discretion to disclose firearm trace data in response to an individual FOIA request," *see* December 22, 2025, Minute Order.

ATF continues to maintain that pursuant to the Tiahrt Rider, it lacks any discretion to disclose materials from the Firearms Trace System ("FTS") database and that responding to Baltimore's FOIA request would require ATF to use appropriated funds to disclose materials from the FTS database in contravention of the Rider.

---

[1] *Gun Owners of America v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, Nos. 21-cv-2919 (D.D.C.) and 25-5309 (D.C. Cir.).

1

ATF further maintains that its December 3, 2025 production in *GOA v. ATF* did not violate the Rider. Although the December 3 production included materials from the FTS database and ATF used appropriated funds to release the December 3 production, the production did not amount to a "disclos[ure]" under the Rider because all the FTS database materials released as a part of the December 3 production had already been inadvertently disclosed back in September 2023.

**Background regarding *GOA v. ATF*:**

As is relevant here, *GOA v. ATF* pertains to a FOIA request to ATF for, among other things, certain materials from the FTS database subject to the Tiahrt Rider's prohibition on disclosure. In September 2023, ATF, as a part of its thirteenth production in response to the FOIA request, inadvertently disclosed portions of the FTS database. *See* ECF No. 48-2 at 14, Appellee's Br. at 5, *GOA v. ATF*, No. 25-5309 (D.C. Cir. Dec. 4, 2025).[2] Following the inadvertent disclosure, "[t]he Court issued a temporary protective order sequestering the inadvertently produced records until it could determine whether the information the agency marked for redaction fell properly within the claimed FOIA exemptions." *Gun Owners of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. CV 21-2919 (ABJ), 2025 WL 2061705, at *1 (D.D.C. July 23, 2025). The Court subsequently granted the Government's motion for summary judgment, ordering plaintiffs to "(1) sequester the . . . inadvertently produced FOIA records and the contents of those records; and (2)

---

[2] In producing production thirteen, "ATF inadvertently emailed plaintiffs' counsel a copy of the document in which red boxes identified the FOIA redactions to be applied to certain information without permanently redacting that information." *See* ECF No. 48-2 at 14, Appellee's Br. at 5, *GOA v. ATF*, No. 25-5309 (D.C. Cir. Dec. 4, 2025) (citation omitted). Production thirteen also inadvertently disclosed other materials covered by exemptions other than the Tiahrt Rider. *See id.* (explaining that ATF "sent a single file containing 115 pages in which the agency had marked many pieces of information to be withheld pursuant to the various FOIA Exemptions . . . . *See* 5 U.S.C. § 552(b)(3), (6), (7)(C), (7)(D), (7)(E)" (citation omitted)).

not disseminate, disclose, or use for any purpose those records or the contents of those records." *Id.* at *9, *16 (citation omitted).

Following plaintiffs' appeal to the D.C. Circuit, on December 3, 2025, ATF issued a production "replicat[ing] the 115-page file the agency inadvertently sent plaintiffs in its thirteenth production but changed the redactions." ECF No. 48-2 at 18, Appellee's Br. at 9, *GOA v. ATF*, No. 25-5309 (D.C. Cir. Dec. 4, 2025) (citation omitted). As is relevant here, "the information that ATF had previously sought to protect under Exemptions 3" was not redacted in the December 3 production. *See id.* at 9–10 (citation omitted). In sum, the December 3 production was merely a *re-release* of certain FTS database materials following a highly unusual set of facts—i.e. a single inadvertent disclosure of Exemption 3 materials followed by a clawback order.

**ATF's December 3 production did not violate the Tiahrt Rider:**

Contrary to Baltimore's assertion, ATF's December 3 production is not "in tension with its positions before this Court." Notice at 3. Although the December 3 production included data from the FTS database (and ATF used some appropriated funds to execute the production), ATF did not violate the Rider because the December 3 production did not amount to "disclos[ure]" of the FTS database under the Rider. *See* 18 U.S.C. § 923 note, Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) ("[N]o funds appropriated under this or any other Act may be used to disclose part or all of the contents of the [FTS] database."). To "disclose" is "to make known (something heretofore kept secret)." *Disclose*, *The American Heritage Dictionary of the English Language* 514 (5th ed. 2018). No such "disclos[ure]" occurred as a part of the December 3 production because the production only included FTS database materials that had already been inadvertently disclosed as a part of

3

production thirteen back in September 2023. As such, although ATF re-released materials from the FTS database, it did not "make known []something heretofore kept secret[]" for the first time.

Thus, Baltimore cannot leverage the December 3 production to argue that the Rider's prohibition on the "use[]" of "appropriated [funds]" leaves ATF with some discretion to use appropriations to disclose the contents of the FTS database. As explained above, ATF does not dispute the fact that some appropriated funds were used to carry out the December 3 production, and that the production included data from the FTS database. ATF simply maintains that the production did not amount to a "disclos[ure]" under the Rider because the information had already been inadvertently disclosed. This is consistent with ATF's position here: Pursuant to the Rider, it lacks discretion to use any appropriated funds to "disclose" contents from the FTS database. It is also consistent with ATF's position in the *GOA* case: Materials from the FTS database should have never been disclosed in the first place.

**ATF should prevail in this suit regardless of whether the December 3 production amounted to a "disclos[ure]" under the Rider:**

To the extent that Baltimore disagrees with ATF's contention that the December 3 production did not amount to a "disclos[ure]" of the FTS database, any such disagreement is immaterial in this suit. Where, as here, the parties do not dispute the fact that Baltimore's FOIA request asks for previously undisclosed materials from the FTS database, this Court need not weigh in on the scope of the word "disclose" as used in the Rider. For this reason, this Court need not determine whether the December 3 production amounted to a "disclos[ure]" under the Rider.

In any event, the Congressional prohibition on the use of any appropriated funds is clear from the text of the Rider, and ATF's *conduct* cannot loosen an otherwise non-discretionary prohibition. Indeed, as the Supreme Court made clear in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), courts cannot even defer to an agency's interpretation of a statutory text (let alone

4

make assumptions about an agency's interpretation based on its conduct). *Id.* at 394 ("[C]ourts must exercise independent judgment in determining the meaning of statutory provisions."). Even if they could, ATF's conduct in *GOA v. ATF* demonstrates an interpretation of the Rider that is consistent with its interpretation here: The Rider prohibits disclosure of the FTS database. As explained above, the December 3 production was merely a re-release of certain FTS database contents that had already been inadvertently "disclose[d]." Thus, the re-release does not demonstrate a new legal position by ATF regarding the Rider's non-discretionary prohibition on "disclos[ures]."

For the reasons outlined in ATF's filings in this matter, ATF maintains that this Court should grant summary judgment in its favor and rule that the Tiahrt Rider bars the disclosure of materials from the FTS database in response to FOIA requests.

Dated: January 5, 2026                    Respectfully submitted,

                                                                    BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*
